UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW JEROME TRAMBLE,

  PETITIONER,

v.

UNITED STATES OF AMERICA,

  RESPONDENT.

CRIM. NO.: 01-50041
CIV. NO.: 4:06-10225

DISTRICT JUDGE PAUL GADOLA
MAGISTRATE JUDGE STEVEN D. PEPE

**REPORT AND RECOMMENDATION
ON
PETITIONER'S MOTION TO VACATE HIS SENTENCE (DKT. #18)**

On November 4, 2003, Petitioner filed a motion under 28 U.S.C. § 2255 to vacate his sentence (Dkt. #18), which issued from his guilty plea to a firearm-related charge. Petitioner's motion was referred to Magistrate Judge Capel for report and recommendation under 28 U.S.C. § 636 (b)(1)(B) (Dkt. #19), and was subsequently transferred to the undersigned (Dkt. #23). Respondent filed a response to Petitioner's motion on March 6, 2006 (Dkt. #22).

**I. BACKGROUND**

Petitioner and Respondent stipulated to the following facts in the plea agreement in the underlying criminal matter:

> On September 21, 2001 defendant knowingly and constructively possessed the four firearms identified in Count Three of the indictment at his residence, 2101 Mackin, Flint, Michigan. One of these guns, a Mini-14 rifle, was kept in his bedroom closet at that residence, and the other three firearms were kept in a safe which he maintained in the same closet. Each of these four firearms was manufactured outside the State of Michigan and must, therefore, have previously traveled in interstate or foreign commerce into the State of Michigan. Defendant had previously been convicted of the felony of crimes of delivery of less than 50 grams of cocaine; felonious assault; and prison escape, each of which was punishable by imprisonment for terms exceeding one year.

Dkt. #10, pp. 2-3. Petitioner was convicted on his guilty plea to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Judgment, Dkt. #17). He was sentenced to 211 months of imprisonment and 5 years of supervised release. (Dkt. #17). Petitioner's judgment was entered on February 5, 2004; because he did not file a direct appeal, Petitioner's conviction therefore became final on February 20, 2004, the last day on which he could have filed an appeal.[1]

## II. DISCUSSION

### A. PETITIONER'S MOTION

Petitioner presents four grounds for his motion to vacate his sentence, as follows:

Ground One: Ineffective Assistance of Counsel in violation of Sixth Amendment
Supporting FACTS (state *briefly* without citing cases or law): Petitioner's counsel Mr. Kenneth Sasse never informed the petitioner that he had a right to Appeal his plea agreement.

Ground Two: Petitioner received enhancements that violated his Fifth and Sixth Amendment rights.
Supporting FACTS (state *briefly* without citing cases or law): Petitioner's plea agreement was to § 922(g)(1), § 924(e) Petitioner had no knowledge of pleading to a Armed Career Criminal under U.S.S.G. § 4B1.4. If petitioner had knowledge I would have respectfully withdrawn my plea-agreement.

Ground Three: Arme [sic] Career Criminal was not part of the petitioner's indictment.
Supporting FACTS (state *briefly* without citing cases or law): Petitioner had a right to a jury determination whether he was an Armed Career Criminal which increased his total offense level to [31] and A Criminal History Category of [V] from 85 to 105 months to 188 to 235 which petitioner received 211 months imprisonment.

Ground Four: Defendant/Petitioner reserved the right to ask for a downward departure
Supporting FACTS (state *briefly* without citing cases or law): Petitioner's Criminal

---

[1] Petitioner had ten days (excluding weekends and holidays) from the day his judgment was entered within which to file a notice of appeal, according to Federal Rule of Appellate Procedure 4(b).

> History Category over-represents the seriousness of his Criminal History see § 4A1.3 copy of the plea agreement attached hereto.

Dkt. #18, pp. 5-6.

### B. ANALYSIS

Petitioner's motion is untimely under the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2255. The statute provides in part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

**Section (1)**

Under section (1), Petitioner was required to have filed his Section 2255 Motion by February 19, 2005. Instead, Petitioner filed his Motion to Vacate on January 18, 2006, eleven months past the statute of limitations.

**Section (2)**

Petitioner does not allege that the government acted in violation of the Constitution or federal law to create an impediment to his filing to a motion to vacate. Therefore, Section (2) does not apply.

**Section (3)**

Petitioner has not specified any particular right, which was initially recognized after Petitioner's judgment, and which has been newly recognized by the Supreme Court and made

retroactively applicable to cases on collateral review. Nevertheless, Petitioner's motion to vacate suggests that he may have been relying on *U.S. v. Booker*, 543 U.S. 220 (2005).

In *Booker*, the Supreme Court held that the Sixth Amendment is violated when a sentencing judge imposes an enhanced sentence (i.e., a sentence exceeding the maximum sentence authorized by the facts established in a guilty plea or jury verdict) under the United States Sentencing Guidelines, based on the judicial determination of a fact (other than a prior conviction) that was not found by the jury or admitted by the defendant. *Booker*, 543 U.S. at 244. The Supreme Court's remedy for the unconstitutionality of the sentencing scheme was to excise the portion of the guidelines that made them mandatory. Thus, prior sentencing by federal judges applying the Guidelines as mandatory could violate *Booker*'s requirement that the Guidelines be counted as advisory, even if the sentence did not exceed the maximum authorized by the facts established by a plea of guilty or a jury verdict.

Yet, the Sixth Circuit and other circuits have held that *Booker* does not apply retroactively to challenges under § 2255 to criminal cases that became final before January 12, 2005, the date *Booker* was issued. *Humphress v. United States*, 398 F.3d 855, 860-863 (6th Cir. 2005); *see also Guzman v. U.S.*, 404 F.3d 139 (2nd Cir. 2005); *Lloyd v. U.S.*, 407 F.3d 608 (3rd Cir. 2005), *U.S. v. Morris*, 429 F.3d 65 (4th Cir. 2005), *U.S. v. Gentry*, 432 F.3d 600 (5th Cir. 2005); *U.S. v. Cruz*, 423 F.3d 1119 (9th Cir. 2005). Therefore, *Booker* does not apply to Petitioner's Motion to Vacate, and Section (3) of the statute of limitations is inapplicable.

**Section (4)**

Petitioner does not allege, and the record does not reflect, that he was only able to discover, through the exercise of due diligence, the facts supporting his claims after the date on which his conviction became final. Therefore, Section (4) does not apply.

## III.     CONCLUSION

Only Section (1) of the statute of limitations set forth in 28 U.S.C. § 2255 applies to Petitioner's motion, and under this section, Petitioner's motion is untimely. Therefore, **IT IS RECOMMENDED** that Petitioner's "Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (Dkt. #18) **BE DENIED**.

Any objections to this Report and Recommendation must be filed within ten (10) days of its service. 28 U.S.C. § 636(b)(1); E.D. Mich. LR 72.1(d)(2). Failure to file objections within the specified time constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ivey v. Wilson*, 832 F.2d 950, 957-58 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated:     June 11, 2007
    Ann Arbor, Michigan

 s/ Steven D. Pepe
STEVEN D. PEPE
UNITED STATES MAGISTRATE JUDGE

CERTIFICATE OF SERVICE

       I hereby certify that on <u>June 11, 2007</u>, I electronically filed the foregoing paper with the Clerk Court using the ECF system which will send electronic notification of such filing to the following: <u>Robert W. Haviland</u>, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: <u>Andrew Jerome Tramble #31100-039, Federal Correctional Institution, P.O. Box 33, Terre Haute, IN 47808.</u>

                                       <u>s/ James P. Peltier</u>
                                       James P. Peltier
                                       Courtroom Deputy Clerk
                                       U.S. District Court
                                       600 Church St.
                                       Flint, MI 48502
                                       810-341-7850
                                       pete_peltier@mied.uscourts.gov